UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

Present: The Honorable **Philip S. Gutierrez**, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion

Pending before the Court is Plaintiff's motion to remand for lack of complete diversity and lack of federal question jurisdiction. The Court finds the matter appropriate for decision with oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having read and considered the moving and opposing papers, the Court GRANTS the motion.

I.     Background

On May 22, 2013, Defendants Universal City Studios, LLC (f/k/a Universal City Studios, LLLP), Universal City Studios Productions, LLLP (f/k/a Vivendi Universal Entertainment, LLLP) (collectively, "Universal Defendants"), Noel Flores, and Edward Melgar (collectively with Universal Defendants, "Defendants"), filed a notice of removal of a civil action brought by Plaintiff Barry Ybarra ("Plaintiff"). *See* Dkt. # 1. On August 9, 2013, Plaintiff filed a motion to remand. *See* Dkt. # 11.

Plaintiff, a resident of California, worked in Universal City, California[1] for Universal Defendants. *Compl.* ¶ 1. Universal Defendants allege to be citizens of Pennsylvania and Delaware. *NOR* ¶ 21-29. Plaintiff also sues two individuals, Defendant Edward Melgar, Plaintiff's former supervisor for Universal Defendants, and Defendant Noel Flores, a human resources representative for Universal Defendants. Both Melgar and Flores are California citizens. *Compl.* ¶ 6-7.

---

[1] The Court infers that Plaintiff is a California citizen. Defendants do not dispute this. *See NOR* ¶ 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

Plaintiff claims that Universal Defendants discriminated against him on the bases of age and disability in violation of Cal. Gov. Code §§ 12940 *et seq.*, retaliated against him in violation of Cal. Gov. Code §§ 12940 *et seq.*, harassed him in violation of Cal. Gov. Code § 12940(j), failed to prevent discrimination and retaliation in violation of Cal. Gov. Code § 12940(j) & (k), failed to engage in interactive process in violation of Cal. Gov. Code §§ 12926.1(e) & 12940(n), violated the California Family Rights Act Cal. Gov. Code § 12945.2, and wrongfully terminated him in violation of public policy. Plaintiff also claims that Defendants Melgar and Flores harassed him in violation of Cal. Gov. Code § 12940(j).

Plaintiff previously brought a similar suit, minus Defendants Melgar and Flores, and the harassment claim, in California state court. *NOR* ¶ 1-2. Universal Defendants removed to this Court. Plaintiff's counsel then presented an ultimatum: either allow the trial to proceed in state court or Plaintiff will add a harassment claim and individual defendants. *NOR* ¶ 31. Universal Defendants refused to allow the state court trial to proceed, so Plaintiff voluntarily dismissed that action. *NOR* ¶ 5. Plaintiff then brought the present case with Defendants Melgar and Flores joined and the harassment claim added. *NOR* ¶ 6-7. Defendants removed based on both federal question jurisdiction and diversity jurisdiction.

II.  Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. V. Estate of Lhotka ex rel Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Indeed, the removal statute is strictly construed against removal and if there is any doubt as to the propriety of removal, the case must be remanded. *See id*.

III.  Discussion

   A.  Federal Question Jurisdiction

The Court first analyzes whether jurisdiction is appropriate based on a federal question and finds it lacking. When jurisdiction is based on Section 1331 of Title 28 of the United States Code, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542

UNITED STATES DISTRICT COURT   JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

U.S. 200, 207 (2004) (emphasis in original). The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for federal question jurisdiction to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Additionally, courts do not consider anything alleged in anticipation of defenses the defendant may interpose. *See Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Finally, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys.*, Inc., 80 F.3d 339, 344 (9th Cir.1996).

In *Easton*, plaintiffs described their sexual harassment claims as a violation of the California and federal constitutions, and Title VII of the Civil Rights Act of 1964. *See Easton v. Crossland Mortgage Corporation*, 114 F.3d 979, 981 (9th Cir. 1997). Despite these references to federal law, the Ninth Circuit remanded the case for lack of a federal question. *Id.* at 982. The Ninth Circuit based its decision on three grounds. First, plaintiffs sought remedies founded exclusively on state law instead of federal law. *Id.* Second, plaintiffs had not exhausted administrative remedies necessary for a federal claim. *Id.* Third, plaintiffs' actions following removal clarified their intent to assert only state claims. *Id.*

Federal district courts in the Ninth Circuit generally find *Easton*'s first factor most important when remanding cases for lack of federal question jurisdiction. *See, e.g.*, *Iniguez v. Vantium Capital, Inc.*, No. 13-00037 WHA, 2013 U.S. Dist. LEXIS 41776, at *7-9 (N.D. Cal. Mar. 25, 2013); *Fischer v. GMAC Mortg. LLC*, No. 12-o3843 GAF, 2012 U.S. Dist. LEXIS 90721, at *7-11 (C.D. Cal. June 27, 2012); *Cmty. Reg'l Med. Ctr. v. Carpenters Union, Local 701*, No. 08-cv-1347 AWI, 2008 U.S. Dist. LEXIS 118293, at *10-11 (E.D. Cal. Oct. 30, 2008).

In *Fischer*, plaintiff moved to remand after defendants removed to federal court because plaintiff claimed that his complaint did not raise substantial federal questions. *See id.* at *7. The court reviewed plaintiff's motion based on *Easton*'s first factor, *to wit* whether plaintiff sought remedies predicated exclusively on state law instead of federal law. *See id.* at *8-10. Although plaintiff's complaint generally referred to defendants' violations of two federal laws – the Home Affordable Modification Program ("HAMP") and the Servicemembers Civil Relief Act ("SCRA"), plaintiff did not ask for relief specifically provided under either the SCRA or HAMP. *See id.* at *8. Rather, "plaintiff explicitly state[d] that he seeks damages for violations of California law and in each cause of action seeks remedies provided for under state law." *Id.* As such, *Fischer* followed *Easton* in concluding that plaintiff's right to relief under his state law claims did not necessarily depend on the resolution of federal law regarding the SCRA or HAMP. *Id.* at *10-11. The court thus granted plaintiff's motion to remand. *Id.* at *11.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

*Zivanic* distinguishes *Easton* and *Fischer*. *See Zivanic v. Wash. Mut. Bank, F.A.*, No. 10-737 SC, 2010 U.S. Dist. LEXIS 54732, at *6-8 (N.D. Cal. May 7, 2010). In *Zivanic*, plaintiff argued for remand because her thirteen causes of action all involved defendants' misconduct under California's Unfair Competition Law ("UCL"), and thus failed to plead violations of federal law. *See id.* at *6-7. However, the court rejected plaintiff's claim because plaintiff "unambiguously request[ed] remedies that are only available to her under federal law." *Id.* at *8. As such, the court denied plaintiff's motion to remand, and retained federal question jurisdiction. *Id.*

Here, like in *Easton* and *Fischer*, Plaintiff's Complaint alleges state law claims while including incidental references to a federal statute – the FMLA. *See, e.g.*, Compl. ¶ 67. However, also like in *Easton* and *Fischer*, Plaintiff seeks remedies founded exclusively on state law. For instance, with respect to Plaintiff's harassment claim, Plaintiff asks for punitive and exemplary damages based solely upon Section 12940(j) of the California Government Code, rather than the FMLA or any other federal law. *See Compl.* ¶¶ 75-85. Plaintiff's other claims follow suit, asking for remedies founded exclusively on state law. *See Compl.* ¶¶ 43, 52, 64-65, 89-90, 98, 108, 125. Plaintiff does not therefore ask the Court to remand in the face of a complaint littered with federal law remedies, as the *Zivanic* plaintiff did. This strongly shows that federal question jurisdiction is lacking.

Furthermore, Plaintiff's Complaint satisfies the remaining two factors discussed in *Easton* as well. The Complaint's discussion of administrative remedies is limited to interaction with a state agency, just as in *Easton*. *Compl.* ¶ 39. And the prior case history and subsequent motion show that Plaintiff means to assert only state law claims, just as in *Easton*. Thus, based on all three factors identified by the Ninth Circuit in *Easton*, the face of Plaintiff's Complaint does not raise a federal question.

Defendants argue that Plaintiff's federal claim should be inferred from the Complaint's references to violations of the FMLA when describing the facts of the case. Defendants cite to *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). *See Opp.* 6:23-8:24. This argument fails because *Self Directed Placement Corp.* considered whether an argument was preserved for appeal, not for federal question jurisdiction. *Self Directed Placement Corp.*, 908 F.2d at 466. Moreover, mere references to federal law are not sufficient for federal question jurisdiction. *See Easton*, 114 F.3d at 982 ("the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action"); *Fischer*, 2012 U.S. Dist. LEXIS 90721, at *8. Defendants arguments are thus unavailing. The Court does not have federal question jurisdiction.

    B.    <u>Diversity Jurisdiction</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL** Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

Plaintiff also argues for remand because diversity jurisdiction is lacking pursuant to Section 1332 of Title 28 of the United States Code. *See Mot.* 7:5-9:23.

Federal subject matter jurisdiction may be based on diversity of citizenship. Diversity jurisdiction requires that the parties be in complete diversity, meaning that every plaintiff has a different citizenship from every defendant, and that the amount in controversy exceeds $75,000. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For purposes of diversity of citizenship, an individual is a citizen of the state in which she is domiciled, which is defined as the place where the person resides with the intent to remain or the place to which she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen both of the state in which it was incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. §1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The citizenship of a partnership, limited liability company, or other unincorporated association is determined by the citizenship of each of the partners, including limited partners, or members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (partnerships); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (limited liability companies).

Here, Defendants allege that the overall citizenship of Universal City Studios, LLC and Universal City Studios Productions, LLLP is Pennsylvania and Delaware. However, Defendants Melgar and Flores share California citizenship with Plaintiff. *See NOR* ¶ 31. This destroys complete diversity between the parties. *See Carden*, 494 U.S. at 187 (requiring complete diversity of citizenship). Defendants argue that Defendants Melgar and Flores' citizenship should be disregarded because they are sham defendants.

The Court begins its analysis with Defendant Melgar. As discussed *infra*, The Court finds that Defendant Melgar was properly joined and should be considered for purposes of diversity jurisdiction. Because Defendant Melgar is a California citizen, and Plaintiff is a California citizen, there is not diversity jurisdiction. *See Carden*, 494 U.S. at 187. The Court does not address whether joinder of Defendant Flores is proper because the joinder of Defendant Melgar is dispositive.

The citizenship of a "sham" defendant may be disregarded for purposes of diversity jurisdiction pursuant to the doctrine of fraudulent joiner. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Archuleta v. Am. Airlines, Inc.*, No. 00-CV-1286- MMM (SHx), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000). Joinder of a non-diverse defendant is fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). A defendant seeking removal to federal court may present

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL** Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

facts to show that joinder is fraudulent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). However, there is not only a general presumption against fraudulent joinder, but fraudulent joinder must also be shown by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of the fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch*, No. CV 12–08696 DDP, 2013 WL 100210, at *4 (C.D. Cal. January 7, 2013) (internal citations omitted) (internal quotations omitted).

The issue, then, is whether Plaintiff has at least a glimmer of hope of stating a claim for harassment against Defendant Melgar. In California, harassment is barred by Section 12940 of the California Government Code, which makes it unlawful "[f]or an employer . . . or any other person, because of . . . physical disability, mental disability, medical condition . . . [or] age . . . to harass an employee." Cal. Gov. Code § 12940(j). The California Supreme Court interprets harassment as "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646, 76 Cal. Rptr. 2d 499 (1998).

The *Roby* Court later clarified *Reno* and expounded on its test for harassment:

> [H]arassment often does not involve any official exercise of delegated power on behalf of the employer. We explained this point in *Reno*: "Courts have employed the concept of delegable authority as a test to distinguish conduct actionable as discrimination from conduct actionable as harassment. We adopt this approach to find that the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." Thus, harassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee.

*Roby v. McKesson*, 47 Cal. 4th 686, 708, 101 Cal. Rptr. 3d 773 (2009) (footnote omitted) (internal citations omitted) (internal quotations omitted).

In *Roby*, a plaintiff-employee who suffered from panic attacks sued her former employer and supervisor alleging, *inter alia*, discrimination against the employer and harassment against the supervisor. *Id*. at 694, 697. The Court first determined that the lower court should not have allocated evidence between the discrimination and harassment claims. *Id*. at 710. The Court also held that the evidence was sufficient to support the harassment claim. *Id*. The evidence included shunning plaintiff in meetings; reacting negatively to plaintiff's medication-induced

Case 2:13-cv-04976-PSG-AJW   Document 18   Filed 10/02/13   Page 7 of 10   Page ID #:336

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

body odor, arm sores, and sweating; making facial expressions when plaintiff needed breaks; ostracizing plaintiff by ignoring her, overlooking her when distributing gifts, and excluding her from office parties; openly belittling her job; and reprimanding her. *See id.* at 695-696.

Here, like in *Roby*, evidence overlaps for claims of discrimination and harassment. Defendant Melgar allegedly passed over Plaintiff for positions and wrongfully terminated Plaintiff. *See Compl.* ¶ 77. Also like *Roby*, Plaintifff was allegedly singled out for negative treatment. *See id.* For instance, Defendant Melgar allegedly held near weekly meetings to scold, scrutinize, write-up, and belittle Plaintiff about a variety of matters, some of which were only tangentially related to employment. *See Compl.* ¶ 36.

Such conduct likely states a harassment cause of action against Melgar. It certainly presents a "glimmer of hope" that Plaintiff can establish a harassment cause of action, especially if Plaintiff could amend his complaint to include more factual allegations concerning Defendant Melgar. *See Hale v. Bank of America*, No. CV 12-10064 MMM (PJWx), 2013 WL 989968, at *6 (C.D. Cal March 13, 2013) (noting that even if plaintiff had not alleged facts sufficient to state a harassment claim, defendant had not established that plaintiff could not amend to state a harassment claim). Therefore, Defendant Melgar is not fraudulently joined.

Defendants argue that the ultimatum from Plaintiff's counsel and Plaintiff's amendments to both his administrative and judicial complaints establishes improper joinder based on a fraudulent purpose. *See Opp.* 9:1-11:13. Defendants rely on *Braud v. Transport Service Company of Illinois* for the proposition that when a plaintiff amends his complaint after removal in a way that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper. 445 F.3d 801, 808-809 (5th Cir. 2006); *see Opp.* 9:1-11:13.

Defendants fail to understand that "fraudulent joinder" is a term of art with a legal test concerning whether the complaint states a potential cause of action against that defendant. *See Albi v. Street & Smith Publications*, 140 F.2d 310 (9th Cir. 1944) ("[I]t is universally thought that the motive for joining such a defendant is immaterial"); *Rader v. Sun Life Assur. Co., No.13-cv-580*, 2013 U.S. Dist. LEXIS 58294, at *6 (N.D. Cal. Apr. 23, 2013) (same). Defendants make no argument that the harassment claim against Defendant Melgar does not reach the pleading standard. Defendants' argument thus fails.

Because Defendant Melgar is not fraudulently joined, his citizenship must be considered for purposes of diversity jurisdiction. As Defendant Melgar is a California citizen, and Plaintiff is a California citizen, diversity jurisdiction is lacking. *See Carden*, 494 U.S. at 187 (requiring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

complete diversity of citizenship). The Court need not reach the issue of whether Defendant Flores is fraudulently joined. Accordingly, the Court GRANTS Plaintiff's Motion to Remand.

  C. <u>Attorneys' Fees</u>

  In addition to remand, Plaintiff requests attorneys' fees. A court that remands a case to state court based on improper removal "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (finding that district court abused its discretion by awarding attorneys' fees when a reasonable litigant could have concluded that the complaint failed to state a claim against the only resident defendant). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

  Here, the Complaint makes numerous references to federal law, even suggesting that Defendants violated the federal Family and Medical Leave Act. Attorneys' fees are not warranted when the complaint makes multiple references to federal law. *See Cannon v. Pierce*, No. CIV. S–10–574 FCD/DAD, 2010 WL 2179877, at *2 (E.D. Cal. May 26, 2010) (refusing to award attorneys' fees where gravamen of complaint was allegation under federal law with numerous references to that law).

  Additionally, the law governing harassment claims against supervisors in California is subtle. When jurisdiction turns on a subtle area of law, like Plaintiff's harassment claims in this case, it is even more reasonable to remove. *See Silva v. Fletcher Asset Mgmt., Inc.*, No. CV 12–02427 GAF (Jcx), 2012 WL 5186003, at *5 (C.D. Cal. October 17, 2012) (refusing to award attorneys' fees when removal turned on subtle and complex legal issue).

  Even though Defendants' arguments for removal fail, they show that Defendants have an objectively reasonable basis for removing. Thus, the Court DENIES Plaintiff's request for attorney fees.

IV. <u>Conclusion</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case to state court, without attorneys' fees.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  Link #11

| Case No. | CV 13-4976 PSG (AJWx) | Date | October 2, 2013 |
|---|---|---|---|
| Title | *Ybarra v. Universal City Studios, LLC, et al.* | | |